HOLT, et al, *Plaintiffs,*

*v.*

RICE, et al, *Defendants.*

(No. 11,788, CA 11679)

GERKING, et al, *Appellants,*

v.

HANZEN, et al, *Respondents,*

TULLIS, et al, *Appellants.*

(No. 19,478, CA 11679)

(Cases Consolidated)

596 P2d 1323

James M. Habberstad, The Dalles, argued the cause for appellants. With him on the brief was Dick & Dick, The Dalles.

Roy Kilpatrick, Mt. Vernon, argued the cause for respondents Hanzen and Pinkerton. With him on the brief was Kilpatricks & Pope.

Eugene Hallman, Pendleton, argued the cause for respondents Paul Rice and James Kevin Rice. With him on the brief were Robert T. Mautz, Pendleton; and Monahan & Grove, Milton-Freewater.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

These separate cases, involving trust property, were consolidated for trial and on appeal. Trial on the merits of the cases was held in April 1976. The trial court granted the relief prayed for by Lois M. Holt and William E. Hanzen, co-trustees, and Joan Rice, the guardian ad litem for James Kevin Rice, a minor, and Paul Rice, the beneficiaries of the trust, except it denied the prevailing parties attorney fees as a part of the cost bills under ORS 128.270[1] against the unsuccesful parties, Thomas W. Tullis and Norma J. Tullis, husband and wife, and Harold C. Gerking.

On appeal to the Oregon Supreme Court, that court in *Holt v. Rice,* 282 Or 203, 213-14, 578 P2d 393 (1978) held:

"It is our conclusion that the trial court erred in concluding that attorney fees are not a part of costs under ORS 128.270 and the case must be remanded for the taking of testimony upon the applications for attorney fees attributable to proceedings instituted under Chapter 128.

"The decree of the trial court is affirmed in all particulars except the case is remanded for the taking of testimony under the application of the trustees, Paul Rice, and the guardian ad litem of James Kevin Rice for attorney fees, as a part of costs, attributable to proceedings instituted under ORS ch 128."

On the return of the case to the circuit court, the parties stipulated that the testimony of a previous hearing could be used by the court to determine

---

[1] ORS 128.270 provides:

"Any person, firm or corporation, other than the trustee, instituting proceedings under any of the provisions of ORS 128.110 to 128.270, shall contemporaneously with the filing of the proceedings, file an undertaking with one or more sureties to the effect that he will, if unsuccessful, pay all costs or disbursements that may be decreed against him therein; and if such person, firm or corporation is unsuccessful in the proceedings, the court shall tax the costs and disbursements of the proceedings, together with reasonable attorney's fees, against the unsuccessful party or parties and the surety or sureties on such undertaking."

reasonable attorney fees. Western Surety Company was joined as a party with Harold C. Gerking. United Pacific Insurance Company was joined as a party with Thomas W. Tullis and Norma J. Tullis. The trial court entered a decree awarding the co-trustees the sum of $22,067.44; Paul Rice the sum of $7,811.25; and James Kevin Rice, by his guardian Joan Rice, the sum of $4,518.50 as attorney fees. The Tullises, Gerking and the corporate sureties have appealed to this court. We affirm.

Basically, the appellants present two questions: (1) whether the attorney fees awarded were reasonable, and (2) whether ORS 128.170 supports an award of attorney fees to the beneficiaries of the trust, Joan Rice, the guardian ad litem for James Kevin Rice, a minor, and Paul Rice.

At the hearing on the objections to the cost bills, the court took testimony. Four of the attorneys who participated in the trial testified as to various factors making up their request for fees. In addition, a total of five independent attorneys were called by various parties as witnesses. They gave their opinions as experts as to the reasonable value of attorney fees in these cases.

This is an equity case and we review de novo. We are unable to improve upon the trial judge's evaluation of the competing testimony and therefore agree with his award.

The appellants claim that ORS 128.270 only authorizes an award of attorney fees to the trustees and therefore the Rices as beneficiaries under the trust are not entitled to recover. The Oregon Supreme Court in *Holt v. Rice, supra,* at 213, has previously ruled that the case was remanded "for the taking of testimony under the application of * * * Paul Rice and the guardian ad litem of James Kevin Rice for attorney

fees, * * *." The Rices are entitled to attorney fees under ORS 128.270.

Affirmed.